To:

Attorney General's Office

55 Elm Street

PO Box 120

Hartford, CT 06141-0120

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------------------X

COLLEEN KERWICK  (aka NICHAIRMHAIC)


- against -


STATE OF CONNECTICUT

------------------------------------------------------------------X

## VERIFIED COMPLAINT

1. This case involves violations of the International Human Rights of an Irish Citizen, who resides in Connecticut on a Greencard as a "Permanent Resident Alien". To wit, The State of Connecticut has deprived Plaintiff of her right to travel with her child to experience her family and culture in Ireland; her right to free speech; her right to be free from coercive control and her right to be free from psychological torture by proxy of an officer and/or officers of the courts of the State of Connecticut and/or other agents of the State of Connecticut.

1

## THE ALIEN TORT CLAIMS ACT

2.      The *Alien Tort Claims Act 28 U.S.C. Section 1350* confers Federal subject-matter jurisdiction when an Alien sues for a Tort committed in violation of law of nations or of a treaty of the United States of America. *e.g., Kadic v. Karadzic 70 F.3d 23264 USLW 2231 (2nd Circuit, 1996); Filártiga v. Peña-Irala, 630 F.2d 876 (2d Cir. 1980); Xuncax v. Gramajo 886 F.Supp. 162 1995 WL 254818 (D. Mass. 1995); Abebe–Jira v. Negewo, 72 F.3d 844, 848 (11th Cir.1996); Hilao v. Estate of Marcos (In re Estate of Ferdinand Marcos, Human Rights Litig.), 25 F.3d 1467, 1475 (9th Cir.1994)*

3.      The Alien Tort Claims Act, 28 U.S.C. § 1350, states in full: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." *Filártiga v. Peña-Irala, 630 F.2d 876 (2nd Cir. 1980).* On its face, the statute specifies that, to state a claim, plaintiffs must (i) be "aliens," (ii) claiming damages for a "tort only," (iii) resulting from a violation "of the law of nations" or of "a treaty of the United States."

## THE PARTIES

4.      Plaintiff is an Irish citizen from the Republic of Ireland. All of her family live and have always lived in Kilkenny City. Plaintiff is in America on a Greencard. Plaintiff is a survivor of domestic violence, isolation and coercive control in her brief three year relationship including marriage to an American. Plaintiff endured and continues to endure domestic violence isolation and coercive control via

2

proxy of an officer and/or officers of the court who profitized abuse for eight years thereafter and continuing. Plaintiff herein enjoys joint custody and currently primary residence of the now nine (9) year old child who is a dual citizen of the Republic of Ireland in the European Union and of the United States of America.

5. Defendant is the State of Connecticut, vicariously liable for its judicial officers, quasi-judicial officers and officers of the court whom they license. The State of Connecticut is vicariously liable for the maintenance, management and control of all officers of the court whom it licenses.

## IMMUNITY IS WAIVED FOR INTENTIONALLY WRONGFUL ACTS

6. Any Court is classified as a state actor by UN General Assembly Resolution 56/83 which defines the Responsibility of States for Intentionally Wrongful Acts.

7. There is no immunity for intentionally wrongful acts. See *Morgan v. Swanson, 659 F.3d 359, 370–71 (5th Cir. 2011)*; *District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012); Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000).* In any event, the purposive intent of immunity cannot justify immunity today where judicial officers and officers of the court are virtually always indemnified by their employing government so the prospect of liability will not dampen the ardor.

VIOLATIONS OF CUSTOMARY AND INTERNATIONAL LAW

8. The determination of what offenses violate customary international law, is discerned from myriad decisions made in numerous and varied international and domestic arenas. Accordingly, in determining what offenses violate customary international law, courts must proceed with extraordinary care and restraint. Norms of contemporary international law can also be determined by consulting works of jurists writing professedly on public law, by general usage or by laws and regulations.

9. Plaintiff has been subjected to deprivation of human rights. **Article 12 of the Universal Declaration of Human Rights** provides that "No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation. Everyone has the right to the protection of the law against such interference or attacks". Plaintiff has been subjected to attacks on her home and family for eight (8) years that the Family Courts have rewarded and encouraged officers of the State Courts using domestic violence and coercive control and strategic arrest attempts and ex parte motions and financial abuse as a child custody strategy for his client (Plaintiff's ex-husband). The courts of the State of Connecticut have allowed it.

10. The domestic violence counseled by officers of the State Court and rewarded by the Family Courts is also criminal under international law. **The Domestic Violence Act 2018; An tAcht um Fhoréigean Baile, 2018 (Ireland***)* provides that "A person commits an offence where he or she knowingly and persistently engages in behaviour that (a) is controlling or coercive, (b) has a serious effect on a relevant person, and (c) a reasonable person would consider likely to have a serious effect on a relevant person. (2) For the purposes of subsection (1), a person's behaviour has a serious effect on a relevant person if the behaviour causes the relevant person— (b) serious alarm or distress that has a

4

substantial adverse impact on his or her usual day-to-day activities" (sic). Mother lives in constant fear for the past eight (8) years on account of being subjected to the isolation and coercive control as counseled by officers of the Court and facilitated, rewarded and encouraged by the Family Courts. Plaintiff has been physically and psychologically assaulted for her reactions to the assault to be recorded as proposed evidence of an instability they attempt to create. Financial abuse is also rewarded with an unlevel playing field, where the self-represented party (on account of lack of finances) not only loses objectivity but also the subpoena power of the court for discovery. The courts of the State of Connecticut have allowed, rewarded and encouraged the use of domestic violence and coercive control as a child custody tool.

11. Plaintiff has been subjected to cruel, inhuman or degrading treatment. **Article 5 of the Universal Declaration of Human Rights** states, "No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment." Plaintiff, a foreign national and attorney at law from a respectable family without any personal or family history of mental illness, has been ordered to undergo family relations evaluations and multiple psychological evaluations and been exposed to scores of motions for *ex parte* psychological evaluations, as an officer and/or officers of the court seek to check in to determine if the abuse by proxy they appear to counsel is working. Moreover, officers of the court proactively seek to be rewarded should there be any fruits of their contumacious conduct. The courts of the state of Connecticut have allowed it.

12. Plaintiff has been retaliated against for voicing her concerns about a family court

system which appears to reward and encourage domestic violence, isolation and coercive control *in lieu of* encouraging officers of the court to serve as "counselors at law". **Article 19 of the Universal Declaration of Human Rights** adopted in 1948 states simply that "Everyone has the right to freedom of opinion and expression; this right includes freedom to hold opinions without interference and to seek, receive, and impart information and ideas through any media and regardless of frontiers.". For one of many examples, after Plaintiff testified at the Legislative Office Building in 2014 about Guardian Ad Litem Billing, a quasi-judicial officer of the court and Guardian ad Litem changed her recommendation from joint physical custody to a period of supervised visitation in retaliation. The Courts of the State of Connecticut allowed it.

**13.** Plaintiff has been denied equal access to the law, in violation of **Article 14 of the European Convention on Human Rights.** Plaintiff has been treated in a discriminatory manner. In fact, the State of Connecticut, including the Judicial Branch, has a fully executed **Memorandum of Understanding effective February 26, 2010** and continuing to prima facie discriminate against Mothers. **The execution of this agreement establishes intent to discriminate.** It states in pertinent part that "fathers who are separated from their children suffer adverse psychological consequences such as depression and low self-esteem and are often marginalized from society" *See Pg. 3, para 2.* It states that "The Judicial Branch...shall... seek opportunities for funding, consistent with the Divisions mission to support positive father involvement". *Pg. 12, para 7.* No such provision exists for Mothers.

14. Plaintiff has endured <u>Discrimination in due process and application of the best interests of the Minor Child</u> in practice. On December 20, 2013 an officer of the Court Atty. Jon Kukucka filed an uncertified ex parte motion and then a second pre-written ex parte motion asking for sole custody for his client. He lied to the court that an Amber Alert was being processed by the Avon Police and that Plaintiff herein was absconding. There was no Amber Alert. Plaintiff had been with his client that day and was seen by his Marshall driving around before parking outside her home. Plaintiff could not restore custody for eleven months due to strategic delays and continuances as an officer of the court licensed by the State of Connecticut attempted to use Plaintiff herein's reaction to the fraud against Plaintiff, although no custody evaluation had ever recommended that the best interests of the Minor Child was to have less than 50% physical custody/ parenting time with Plaintiff herein. The ability of an American Father to switch custody on a lie in an hour via an unscrupulous counsel must be juxtaposed against Plaintiff's experience with attempting to modify orders as a female and foreign national. On December 20, 2016 Plaintiff herein filed a Motion to Modify custody. The change of circumstances was that Father was "terminated" from his partnership and broker dealer and had his license to sell financial products "suspended" and then placed on a "two year period of supervision" for his lack of ethics. Despite these ethical violations being publicly disclosed by the Government's own Securities and Exchange Commission and Financial Industry Regulatory Authority as a matter of public record, an office of the court again boldfaced lied to the court that Mother had "made up" a "fantastic" tale. *In lieu of* the family relations recommendations being admitted, the State Court went on to ignore discovery demands and standing orders for financial disclosures to stonewall Plaintiff and delay

7

modification in the best interests of the minor child. There is no objection filed, modification is in the minor child's best interests pursuant to the court's own recommendations from a court ordered family relations evaluation and no decision has been entered in thirty (30) months. Plaintiff has not been treated equally to an American Man in the application of best interests and the courts have allowed abuse as a strategy.

15. Plaintiff has endured <u>Discrimination in Right to Travel, Family and Culture</u>. Plaintiff's last four (4) motions for entry of orders re vacation schedules to Ireland to see her family and culture with her child have not been ruled on. A flight left with two empty seats. The American Father holds the minor child's passport and has no restrictions on his freedom to travel and see his family and culture with the minor child. The freedom of travel, family and culture has not been applied equally.

16. Plaintiff has endured <u>Discrimination in Application of Best Interests of the Minor Child</u>. The American Father was charged with felony child abuse without law enforcement even speaking to Plaintiff in advance in April 4, 2012. Prior thereto, the Police referred a matter to Great crimes when Petrol was placed in the brake fluid of Plaintiff's car after the American Father took out a major life insurance policy with Lincoln Financial as agent and beneficiary on Plaintiffs life and after Plaintiff had asked for a divorce in February 2010. GEICO paid for the repairs as tampering was confirmed. There was no other suspect. Plaintiff herein did not ask for an arrest as he is the Minor Child's father and/or she was so psychologically abused to still have hope for an explanation other than a threat on her life. The American Father has incessantly filed *Ex Parte* Motions for Sole Custody and Immediate Suspension of Access and fourteen (14)

arrest attempts in a series of failed attempts to isolate, coercively control and remove the minor child from Plaintiff as a form of ongoing domestic violence and coercive control. However, only Plaintiff has been evaluated and analyzed by quasi-judicial officers and/or in court orders for purportedly not fostering and encouraging the parent-child relationship. There is sexual discrimination in the application of the best interest's criteria.

17. Plaintiff has endured <u>Discrimination via coercive control, isolation and financial abuse being rewarded by the State Courts</u>. Plaintiff has been forced to reside in the State of Connecticut to facilitate Shared Parenting to accommodate American Father's former job, to the detriment of Plaintiff's job, family, culture and survival. Plaintiff herein is given nothing in exchange and forced to sacrifice to the point of unsustainable living conditions.

18. In generality, The State of Connecticut, vicariously for its Judicial Officers, Quasi-Judicial Officers and duly licensed Officers of its Courts, has become a forum for abuse by officers of the court in lieu of law. Mothers who report being survivors of domestic abuse to the Family Courts, regularly and frequently lose custody of their children in a further form of abuse and coercive control. Seventy three (73) names of Mothers whom Plaintiff is familiar with shall be provided to the court under seal who all reported abuse only to lose custody by Family Court being used as a forum for more abuse, fraud and gas-lighting. Mothers who co-operate with law enforcement about abuse are penalized. In *Ajai Bhatia v. Marlene Debek No. 18000 (Connecticut Supreme Court, 2008)* the Courts awarded *$3,544,500.00* to an abusive Man to be paid by a destitute Mother for believing her daughter that she had been abused. A jury had been deadlocked on a criminal trial

related to that abuse and there was no retrial as the daughter did not wish to testify again. Mothers who see their children after the court orders transfers of custody away from them to abusers have been incarcerated. The eight (8) names of Mothers whom Plaintiff is familiar with their incarcerations for trying to see their children against allegations of alienation (versus abuse and neglect) shall be provided to the court under seal. Many parents and children have died on account of the profitization of abuse by officers of the court which the State of Connecticut has allowed. This includes, but is not limited to, Michael L. Bochicchio Jr., Donna L. Bochicchio, Jonathan Weigand and, upon information and belief, Jennifer Dulos. Many mothers have died and children have contemplated suicide from the unfettered level of legal abuse that the State of Connecticut Family Court permit and encourage.

19. It is submitted that this profitization of abuse and forced transfers of children comes close to the legal definition of Genocide as defined by the **International Criminal Courts**. To wit "deliberately inflicting on the group conditions of life calculated to bring about its physical destruction in whole or in part... or forcibly transferring children of the group to another group...". It falls within the definition of inhumanity [against vulnerable seeking relief from domestic violence and coercive control]. To wit it constitutes "violations committed as part of a large-scale attack against any civilian population. The… forms of crimes against humanity listed in the Rome Statute include ... imprisonment... **particularly of women and children**... [psychological] torture" .

20. It is respectfully submitted that Plaintiff's claims are not barred by the Family Relations Exception to jurisdiction in diversity cases because this involves a question of International Fundamental Human Rights under the Alien Tort Claims Act.

21. A prior action against the State of Connecticut for violation of basic human rights under the Alien Tort Claims Act was dismissed without prejudice to refiling for non-service in 2014. The State restrictions on humane conditions of life has continued for eight (8) years to date.

**WHEREFORE** it is prayed that the Honorable Court enter Judgment under the Alien Tort Claims Act in Favor of Plaintiff for the damages from the torts she has endured by State Actors.   The relief requested is for the Defendant to move forward and enter orders:

(i) striking down the duly executed memorandum of understanding to *prima facie* discriminate against Mothers;

(ii) compelling the State of Connecticut to stop rewarding and encouraging domestic violence, isolation and coercive control as Family Court strategies;

(iii) striking down any and all restrictions on travel to isolate and control Plaintiff and the minor child from seeing family and experiencing culture in Ireland; and

(iv) for such other further and different relief as to this court seems just proper and equitable.

Dated: June 21, 2019
Farmington, Connecticut

_____
Colleen "Kerwick" Ni Chairmhaic, Esq.

Juris No. CN28114
Juris No (NY) 4001582
1748 Farmington Ave,
Unionville, Connecticut 06085
Tel: 917-439-0836
attorneycolleenkerwick@aol.com

11