# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLLEEN KERWICK (aka NICHAIRMHAIC), | : :  : | |
| *Plaintiff,* | : : | No. 3:19-CV-966 (VLB) |
| v. | : : | November 25, 2019 |
| The State of Connecticut, | : : | |
| *Defendant.* | | |

## ORDER ON MOTION TO DISMISS [Dkt. 12]

I.  **Introduction**

On June 21, 2019, Plaintiff Colleen Kerwick NiChairmhaic ("NiChairmhaic"), an attorney proceeding *pro se*,[1] sued the State of Connecticut (the "State") for its actions during a pending state court dissolution of marriage action in which NiChairmhaic is the defendant. [Dkt. 1]; [Dkt. 12 at 3]. Proceeding under the Alien Tort Claims Act, 28 U.S.C. § 1350, NiChairmhaic alleges that Connecticut state court actions and policies violate a variety of articles of the Universal Declaration of Human Rights, The Domestic Violence Act 2018 of Ireland, and Article 14 of the European Convention of Human Rights. *Ibid.* NiChairmhaic seeks for this Court to (a) "strike down" a February 26, 2010 memorandum of understanding signed by nine Connecticut agencies; (b) "compel[] the State of Connecticut to stop rewarding and encouraging domestic violence, isolation and coercive control as Family Court strategies;" and "(c) strik[e] down any and all restrictions on travel to

---

[1] "[A] lawyer representing h[er]self ordinarily receives no… solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases).

isolate and control [NiChairmhaic] and [her] minor child from seeing family and experiencing culture in Ireland" as injunctive remedies. *Id.* at 11.

Pending before the Court is the State's Motion to Dismiss on a number of grounds, including on the threshold basis that the court lacks subject matter jurisdiction. [Dkt. 12]. NiChairmhaic opposes the motion. [Dkts. 15, 22]. As explained below, the Court GRANTS the Motion.

II. <u>Law</u>

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the court determines that… it lacks subject matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). A "district court must take all uncontroverted facts in the complaint… as true and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). But "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Ibid.* "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists." *Ibid.*

III. <u>Analysis</u>

A. *State Sovereign Immunity*

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). An argument that Eleventh Amendment

state sovereign immunity bars a suit is a jurisdictional argument. *See Alabama*, 438 U.S. at 782 n. 1 ("[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court…." (quoting *Edelman v. Jordan*, 415 U.S. 651, 678 (1974))).

NiChairmhaic brings this action directly against the State, and only against the State. [Dkt. 1]. While she argues that there is no immunity for "intentionally wrongful acts," she has not cited any cases relevant to state sovereign immunity, nor has she provided any reason to believe that the State has "intentionally" committed any wrongful acts. [Dkt. 15 at ¶ 6].

In opposition, NiChairmhaic cites five non-binding cases from other circuits to argue that the State has no immunity. [Dkt. 15 at ¶6]; [Dkt. 22 at ¶¶ 11,12]. Three of the cases NiChairmhaic cites are about the qualified immunity available to government officials sued under § 1983, not the sovereign immunity available to states under the Eleventh Amendment. *See Morgan v. Swanson*, 659 F.3d 359, 370-71 (5th Cir. 2011), *District of Columbia v. Wesby,* 138 S. Ct. 577, 589 (2018), and *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *compare* 42 U.S.C. § 1983 ("Every *person* who…subjects, or causes to be subjected, any citizen of the United States…shall be liable…." (emphasis added)), *with* Kentucky, 473 U.S. at 167 n. 14 ("[A] State cannot be sued directly in its own name"). Neither of the remaining two cases cited by NiChairmhaic mention state sovereign immunity. *Coker v. Georgia*, 433 U.S. 584 (1977); *Gavett v. Alexander*, 477 F. Supp. 1035 (D.D.C. 1979). Neither are relevant—in one, the state had consented by originally

prosecuting a criminal defendant, *Georgia*, 433 U.S. 584; in the other, the plaintiff sued not a state, but an individual person, *Gavett*, 477 F. Supp. 1035.

Therefore, the Court finds that NiChairmhaic has not met her burden of showing that the Court has subject matter jurisdiction. On the grounds of Eleventh Amendment state sovereign immunity, the Complaint must be dismissed. Having ruled it lacks jurisdiction, the Court does not reach the other grounds discussed in the Motion to Dismiss.

### III. Conclusion

For the foregoing reason, the Court GRANTS the State's Motion to Dismiss [Dkt. 12].

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 25th day of November, 2019.